JUSTICE GRAY,
dissenting.
¶70 I respectfully dissent from the Court’s opinion. On issue one, which relates to whether the District Court erred in imposing the initial burden of proving undue influence on Luke, I would address the issue as Luke actually presents it and affirm the District Court. I also would affirm the District Court on issue two, concluding that the burden of proving constructive fraud was on Luke. Finally, I would determine that the District Court’s findings of fact are supported by substantial credible evidence.
¶71 In Conclusion of Law No. 4, the District Court determined that “the burden of proving undue influence is on the party claiming it...” Luke agrees this is a-correct statement of the general rule of law, but contends a widely-recognized exception to the rule is that a presumption of undue influence arises under certain circumstances which exist in the present case and asserts entitlement to that presumption here. According to the authorities on which Luke relies, the effect of applying the presumption would be to require Alice to prove the absence of undue influence. On this basis, Luke asserts legal error in the District Court’s conclusion.
*491 ¶72 The problem with Luke’s argument is that the “presumption exception” is taken from other jurisdictions. No Montana authority is cited in support of it and, indeed, Montana authority is to the contrary. Undue influence is never presumed and must be proven like any other fact. See Christensen, 240 Mont. at 397, 784 P.2d at 911 (citation omitted).
¶73 The Court, in fact, agrees undue influence is never presumed and cites Christensen for that proposition. Having thus rejected Luke’s argument, it is my view that the Court should simply affirm the District Court’s correct legal conclusion that the burden of proof as to undue influence is on the party claiming it, here Luke.
¶74 Instead, the Court shifts the issue before us by applying the five-criteria test set forth in Christensen to determine whether Luke met the burden of proving the exercise of undue influence. I have no quarrel with the Christensen test or its application in a case raising the issue of whether a party satisfied that test. The problem with the Court’s approach in applying the Christensen test here is that Luke does not raise the issue in the opening brief and, indeed, does not challenge the second portion of the District Court’s Conclusion of Law No. 4, namely, that Luke failed to prove the gifts Alice received from Maggie were the product of undue influence. It is my view that the Court errs in raising a different issue relating to undue influence, namely whether Luke met the Christensen criteria, and in resolving it to Luke’s advantage by weighing the evidence of record differently than did the District Court. This error leads the Court into further error in its conclusion, as to issue three, that it need not address the trial court’s findings. The fact is that the Court has already effectively reversed the trial court’s findings in issue one, by reweighing the evidence. I simply cannot agree.
¶75 Similarly, and briefly stated, I disagree with the Court’s analysis of issue two relating to the burden of proving constructive fraud. As is the case with undue influence, and as the Court concedes, fraud is never presumed; it must be proven by the party claiming it. Bengala, 250 Mont. at 105, 818 P.2d at 373. From this fundamental premise, the Court’s analysis moves through a maze of factually and legally distinguishable cases and a statute since repealed and, therefore, no longer available as a basis for related determinations, ultimately resting on an existing statute, § 72-34-105(3), MCA, to impose a presumption of a violation of a trustee’s fiduciary duty where a transaction occurs during the existence of the trust by which a *492 trustee obtains an advantage from the beneficiary. The Court’s discussion and application of that statute in the present case raises several concerns.
¶76 First, the Court shifts from the constructive fraud claim, raised and tried in this case, to a violation of fiduciary duty theory and related statutory presumption. Second, the application of this statute presumes the existence of an actual trust, rather than merely the existence of an agency relationship which renders the agent subject to duties like that of a trustee. Third, and most troubling, is the Court’s statement with regard to § 72-34-105(3), MCA, that “Alice ostensibly benefitted from numerous transactions.” (Emphasis added.) My initial concern about this statement is that the presumption contained in § 72-34-105(3), MCA, clearly does not arise unless and until the party raising the issue establishes the benefit or advantage to the “trustee.” In other words, even assuming the applicability of this statute, it is clear that Luke must first prove such a benefit or advantage to Alice before the presumption comes into play. Moreover, the Court is essentially assuming that the benefit to Alice occurred, through its use of the phrase “ostensibly benefitted.” The problem is that the Court has again reweighed the evidence of record in Luke’s favor to determine that such a benefit occurred. In doing so, the Court totally ignores the District Court’s finding that all money withdrawn from Maggie’s accounts during the period at issue was used for Maggie’s benefit and care or for the mutual benefit of Maggie and Alice, and with Maggie’s consent and approval. At the same time — in issue three — the Court determines that it need not address the trial court’s findings. Certainly, under the Court’s approach, there is no need to address findings it already has redetermined in the guise of resolving the purely legal issue presented here.
¶77 I would affirm the District Court on all issues presented by Luke. In this regard, I join what I perceive to be Justice Hunt’s concern that, in focusing its concerns on the niece and nephew who paid Maggie little attention during her life, the Court has totally misread the relationship between Maggie and Alice. In my view, the Court also has misapplied the law. I dissent.